IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 2:17-CR-021-D |
| | § | |
| FELIX ESTRADA (4), | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses four motions for discovery filed by defendant Felix Estrada ("Estrada").[1] Estrada is charged in count one of a two-count indictment with the offense of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846.

The following motions are pending for decision: Estrada's August 16, 2018 motion to compel disclosure of exculpatory evidence; Estrada's August 16, 2018 discovery motions; Estrada's August 16, 2018 motion to compel early disclosure of inculpatory evidence (Jencks Act motion); and Estrada's August 16, 2018 motion for pretrial notice under Rule 404(b) of intention of government to introduce evidence of other crimes, wrongs, or acts. The trial is set for November 5, 2018.

---

[1]Estrada has also filed a motion *in limine*, which the court will address at the pretrial conference.

I

The court turns first to Estrada's discovery motions, in which he moves for 12 categories of discovery.

A

*Rule 16(a)(1)-Based Discovery Requests*

In requests Nos. 1-3, 11, and 12, Estrada requests that the government be ordered to disclose information or evidence as required by Fed. R. Crim. P. 16(a)(1)(A)-(D).

In request No. 1, Estrada requests that the government be ordered to disclose all oral, written, or recorded statements made by Estrada that are within the possession, custody, or control of the government, including any audio recordings and the substance of any oral statements made by Estrada, before or after his arrest, to government agents or law enforcement officers, including probation or parole officers.

Estrada requests in request No. 2 that the government be ordered to disclose all books, papers, documents, photographs, tangible objects, or copies or portions thereof, that are within the possession, custody, or control of the government and that are material to the preparation of his defense, or are intended to be used by the government at trial, or were obtained from or belong to Estrada. This request includes any checks and other securities, computers, programs, software, diskettes, printers, check stock, counterfeit payroll, chemicals, fingerprints, handwriting exemplars, identification, bank statements, and other potential evidence.

In request No. 3, Estrada requests that the government be ordered to disclose any

results or reports of all physical or mental examinations and of scientific tests or experiments conducted by the United States or state authorities in the course of the investigation of this case and any related state investigation of Estrada. This request includes any fingerprints or handwriting reports and results compiled by, and who examined, known fingerprints, palm prints, or handwriting exemplars of Estrada and compared them to questioned specimens, and any chemical analysis of narcotics and reports generated from the tests. Estrada also requests to review the reports of polygraph tests administered to participating government informants.[2]

In request No. 11, Estrada requests that the government be ordered to disclose any information or evidence that was gained by any electronic surveillance, including, but not limited to, wiretaps, videotapes, tape-recorded conversations, or the like concerning Estrada, any of the alleged coconspirators or codefendants, and/or any witness. Estrada requests copies of any written transcripts or reports, or to have an opportunity to see or hear any information or evidence so gathered.

In request No. 12, Estrada requests a copy of his prior criminal record, including the disposition of cases.

To the extent that Estrada requests discovery that the government is required to disclose under Rules 16(a)(1), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the

---

[2]*See infra* § I(D) for a discussion of disclosure of any informant's identity.

Jencks Act, 18 U.S.C. § 3500, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § V.

B

*Impeachment Evidence, Inconsistent Statements, Untruthful Witnesses,
and Narcotic Information*

Estrada requests in request No. 4 that the government be ordered to disclose all information it has that will impeach any witness that the government may call at trial, including the prior criminal record or other prior material acts of misconduct of any government witness.

In request No. 5, Estrada requests that, pursuant to Fed. R. Evid. 613, the government be ordered to disclose all information that it has regarding inconsistent statements of any witness it may call at trial.

Estrada requests in request No. 6 that, pursuant to Fed. R. Evid. 607 and 608, the government be required to disclose any information it has regarding the untruthfulness of any witness it may call at trial.

And in request No. 7, Estrada requests that the government be required to disclose any information regarding the use of narcotics by any witness it may call at trial, including any psychiatric examinations that may have been administered to any informant witnesses.[3]

---

[3]*See infra* § I(D) for a discussion of disclosure of any informant's identity.

To the extent Estrada requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

C

*Government Investigation Notes*

In request No. 8, Estrada requests that the government be ordered to disclose any notes, tapes, and/or memoranda made by a government agent, including any person who may have been acting as an informer, or in an investigative or undercover capacity.[4] Estrada also requests that, if such notes, tapes, or other memoranda were once in existence but have now been destroyed, the government be ordered to disclose in complete detail the purpose and exact information surrounding their destruction, and if such items have not been destroyed, the government be ordered to preserve such notes, tapes, and/or other memoranda.

To the extent Estrada requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied.

---

[4]*See infra* § I(D) for a discussion of disclosure of any informant's identity.

D

*Government Comunications to Estrada*

In request No. 9, Estrada requests that the government be ordered to disclose whether any government agent, informer, or anyone else acting at the direction of the government has communicated with Estrada since the commencement of adversarial proceedings against him. Estrada further requests that the government be ordered to disclose the identity of any such individuals and the details surrounding the circumstances of such communications, as well as any statements made by him or any government agent.

If the government has used an informant in investigating or prosecuting Estrada, it must notify the court *in camera* no later than October 9, 2018. With respect to other individuals, to the extent Estrada requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § V.

E

*Witness Statements*

In request No. 10, Estrada requests that the government be ordered to disclose any witness statements at least 48 hours before the witness testifies at trial or at any sentencing hearing. Estrada requests disclosure of any witness' prior testimony (such as grand jury testimony), prior written statements, and reports or notes, any reports of prior oral statements,

and any prosecutor's notes concerning witness statements, that have been or may be adopted, approved, or verified by the witness. Estrada also requests that the government be ordered to produce any exculpatory witness statements, negative exculpatory witness statements, and evidence concerning narcotic habits or psychiatric treatment of any government witness. Estrada also requests production of the personnel files of any government witness.

Insofar as request No. 10 addresses the *scope of discovery* that Estrada seeks, the court grants the motion to the extent Estrada requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act. To the extent his requests exceed what is required by these authorities, the motion is denied.

Insofar as request No. 10 addresses the *timing of discovery* that Estrada seeks, the court denies Estrada's request. "18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a) (which pertains to the government and to a defendant) do not authorize the court to compel a party to produce a witness statement any earlier than after a witness has testified on direct examination." *United States v. Khoury*, 2014 WL 6633065, at *5 (N.D. Tex. Nov. 24, 2014) (Fitzwater, J.). "In this district, however, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness." *Id*. Thus the government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified infra at § V.

II

The court now considers Estrada's motion to compel disclosure of exculpatory evidence.

Estrada requests 12 categories of evidence (including a catch-all category) that he maintains would be exculpatory. He requests that the government's attorney be ordered to examine the government's files and to question the government's agents, informants, or other persons working with the government in this case as to their knowledge of any such evidence or materials; and that his counsel be allowed to question the government's attorney and the government's agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

Estrada also requests in the brief in support of this motion early disclosure of this material, and he requests the production of favorable evidence even if it is contained in statements or testimony of government-designated witnesses and is therefore within the ambit of the Jencks Act.

To the extent Estrada requests discovery that the government is required to disclose under *Brady*, the motion is granted. To the extent his requests exceed what *Brady* requires, the motion is denied. The court denies Estrada's request for disclosure of *Brady* material any earlier than the deadline specified *infra* at § V. The court also denies his request that his counsel be permitted to question the government's attorney and the government's agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

III

In Estrada's motion to compel early disclosure of inculpatory evidence, he requests that the government be ordered to disclose any Jencks Act material and other evidence that is inculpatory as to him at least 48 hours prior to trial. He further requests, in the event his motion is denied, that the government be required to comply with the dictates of the Jencks Act by tendering all such materials to defense counsel outside the presence of the jury.

As explained above, *see supra* § I(E), the Jencks Act does not authorize the court to compel a party to produce witness statements any earlier than after a witness has testified on direct examination. *Khoury*, 2014 WL 6633065, at *5. It is the custom in this district, however, for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness. *Id.* Accordingly, the government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § V.

The court denies Estrada's request that the government be required to tender Jencks Act materials to defense counsel outside the presence of the jury. In the court's experience, such tenders are typically made outside the jury's presence anyway, before the opening of court or during a recess. When Jencks Act materials are tendered in court, the government usually does so without any indication to the jury of what the government is doing. Absent some basis to predict that the government intends to take a different approach in this case, the court is unwilling impose an unnecessary obligation on the government to tender Jencks

Act materials to defense counsel outside the presence of the jury.

IV

Finally, Estrada moves for pretrial notice under Rule 404(b) of the intention of the government to introduce evidence of other crimes, wrongs, or acts. Estrada moves to compel the government to provide pretrial notice of its intention to use at trial any evidence of other crimes, wrongs, or acts of Estrada and all other witnesses.

The court grants the motion to the extent that the government must comply with Rule 404(b). The government must make any disclosures required by Rule 404(b) no later than the deadline specified *infra* at § V.

V

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than October 22, 2018.

Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements regarding the particular witness in question no later than the end of the business day that precedes the date on which

Estrada will begin his cross-examination of that witness.

**SO ORDERED**.

October 3, 2018.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE