IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal No. 2:17-CR-021-D(04) |
| VS. § | |
| § | |
| FELIX ESTRADA, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Felix Estrada ("Estrada") moves for a sentence modification under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, the court denies the motion.

I

Estrada pleaded guilty to possession with intent to distribute heroin and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and 18 U.S.C. § 2. On February 19, 2019 the court sentenced him to 135 months' imprisonment to be followed by 3 years of supervised release. On October 4, 2022 Estrada filed the instant motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]

---

[1] On October 5, 2022 the court entered an order directing the government to file a response to Estrada's motion, and permitting Estrada to file a reply to the government's response no later than November 30, 2022. The government filed its response on October 25, 2022. Estrada has not filed a reply, and the motion is now ripe for a decision.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[2] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

---

[2]Estrada states that he submitted a request for compassionate release to the warden of his facility and that his request was denied in August 2022. The government contends that the BOP has no record of Estrada's filing a request for compassionate release or reduction in sentence. Although Estrada has failed to attach any evidence in support of his contention that he has exhausted his administrative remedies, the court will assume *arguendo* that he has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

III

The court first considers whether extraordinary and compelling reasons warrant a sentence reduction. In support of his motion, Estrada contends, *inter alia*, that he has several medical issues, including a Body Mass Index of 30 or higher and a history of cigarette smoking, that increase his risk of experiencing medical complications if he contracts the COVID-19 virus and that he has demonstrated exceptional efforts toward his rehabilitation during his time of incarceration.

In light of the court's decision below that, considering the § 3553(a) factors, Estrada should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can

consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]"  "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

Estrada is currently serving a 135-month sentence for possession with intent to distribute a large amount of heroin, a drug that is extremely deleterious to users and the community at large.  Estrada's projected release date is December 25, 2027.  If the court grants Estrada's motion, it will be ordering him released over five years before he would otherwise be eligible.  Not only would Estrada's release not be in the interest of justice, it would minimize the seriousness of his crime and would fail to afford adequate deterrence to this type of criminal conduct.  *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Estrada fails to provide any evidence that he would not be a danger to the safety of any other person or the community if released.  *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La.

May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Estrada's relevant offense conduct and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that it should not reduce Estrada's sentence under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

V

Estrada also requests the appointment of counsel. But a defendant has no constitutional right to appointed counsel in pursuing a motion of this type. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). The decision whether to appoint counsel is within the court's discretion. *Id.* at 1011. Because Estrada has failed to provide the court any grounds that persuade it to exercise its discretion to appoint counsel, the court

denies his request.

* * *

Accordingly, for the reasons explained, the court denies Estrada's motion for compassionate release and request for appointed counsel.

**SO ORDERED**.

December 7, 2022.

                                                SIDNEY A. FITZWATER
                                                SENIOR JUDGE