IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | Criminal No. 2:17-CR-021-D(04) |
| | § | |
| VS. | § | |
| | § | |
| FELIX ESTRADA, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Felix Estrada ("Estrada") moves for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines. In his motion, he requests appointed counsel. Because Estrada is ineligible for a sentence reduction under § 3582(c)(2), the court denies his motion. The court also denies Estrada's request for appointed counsel.

I

Estrada pleaded guilty to possession with intent to distribute heroin and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) and 18 U.S.C. § 2. On February 19, 2019 the court sentenced him to 135 months' imprisonment to be followed by 3 years of supervised release. On October 4, 2022 Estrada filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). The court denied the motion, and Estrada appealed. On May 3, 2023 the Fifth Circuit dismissed Estrada's appeal for want of prosecution.

On August 28, 2023 Estrada filed the instant motion under 18 U.S.C. § 3582(c)(2)

requesting that his sentence be reduced based on Amendment 782 to the United States Sentencing Guidelines and requesting the appointment of counsel. On August 29, 2023 the court entered an order directing the government to respond to Estrada's motion and permitting Estrada to file a reply to the government's response no later than October 17, 2023. The government filed its response on August 30, 2023. Estrada has not filed a reply, and the motion is now ripe for a decision.

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(2), a court may reduce a defendant's term of imprisonment if the defendant "has been sentenced to a term . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Guidelines Amendment 782, which retroactively lowered the base offense levels in U.S.S.G. § 2D1.1, became effective on November 1, 2014. Estrada pleaded guilty to possession with intent to distribute heroin in 2019. The presentence report, on which the court relied in sentencing Estrada, stated that Estrada was accountable for 16.1 kilograms of heroin, which resulted in a base offense level of 34 under the November 1, 2018 version of U.S.S.G. § 2D1.1(c)(3). Applying the most recent version of the Guidelines Manual results in the same base offense level. Because even if sentenced today Estrada would not receive a lower base offense level than he has already received under Amendment 782, he is

ineligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2).*

III

In his motion, Estrada requests appointed counsel. But a defendant has no constitutional right to appointed counsel in pursuing a motion of this type. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). The decision whether to appoint counsel is within the court's discretion. *Id*. at 1011. Because Estrada has failed to provide the court any grounds that persuade it to exercise its discretion to appoint counsel, the court denies his request.

\* \* \*

Accordingly, for the reasons explained, the court denies Estrada's motion for a reduction of sentence and request for appointed counsel.

**SO ORDERED**.

December 13, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

*The court suggests no view regarding whether Estrada would qualify for a sentence reduction under Amendment 821, which took effect on November 1, 2023. Estrada's motion is based on Amendment 782.